# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jamel Raekwon Brown, #00388867, ) | Case No. 2:25-cv-06846-RMG-MGB |
| Plaintiff, ) | |
| v. ) | REPORT AND RECOMMENDATION |
| Rad Stuart Deaton, ) | |
| Defendant. ) | |

Jamel Raekwon Brown ("Plaintiff"), a state prisoner detainee proceeding *pro se* and *in forma pauperis*, brings this civil action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed.

## BACKGROUND

Plaintiff claims that his former defense attorney, Defendant Rad Stuart Deaton, "violated [his] constitutional rights" in relation to certain criminal proceedings.[1] According to the Complaint, Defendant Deaton "admitted to dishonesty" and "lead [Plaintiff] with

---

[1] Although Plaintiff does not specify the "case" to which the Complaint refers, a brief search of the Charleston County Public Index indicates that Defendant Deaton represented Plaintiff before the Charleston County Court of General Sessions on two criminal charges: Indictment No. 2021-GS-10-01724 (attempted armed robbery) and Indictment No. 2021-GS-10-01726 (possession of a weapon during a violent crime). *See* https://www.sccourts.org/case-records-search/ (limiting search to Charleston County) (last visited July 11, 2025); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government websites). Plaintiff pleaded guilty to both charges on September 2, 2022, and is currently serving his sentence at Ridgeland Correctional Institution.

misconceptions," such that Plaintiff ultimately chose to hire a new attorney to represent him. (Dkt. No. 1 at 7.) Defendant Deaton also "gave false information which affected [Plaintiff] mentally." (*Id.* at 11.) Plaintiff seeks $350,000 in damages. (*Id.* at 8.) This is the extent of Plaintiff's very limited pleading.

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule

8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## **DISCUSSION**

A civil action under § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To that end, purely private conduct, no matter how wrongful, does not constitute state action under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (explaining that to qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor").

An attorney—whether privately retained, court-appointed, or a public defender—does not act under color of state law "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318, 325 (1981) (explaining that a "defense lawyer characteristically opposes the designated representatives of the State"); *see also Marcantoni v. Bealefeld*, 734 F. App'x 198, 199 (4th Cir. 2018) (noting that "private attorneys do not act under color of state law and a § 1983 suit may not be maintained against an attorney based on his representation"). Because the Complaint challenges Defendant Deaton's conduct in his capacity as Plaintiff's former defense attorney, the pleading fails to establish the requisite state action for purposes of § 1983, and Plaintiff's claims against Defendant Deaton are therefore subject to summary dismissal.

**CONCLUSION**

In light of the foregoing, the undersigned is of the opinion that Plaintiff cannot cure the defects identified above by amending his Complaint. *See Domino Sugar Corp. v. Sugar Workers Local Union 392 of United Food and Commercial Workers Int'l Union*, 10 F.3d 1064 (4th Cir. 1993). The undersigned therefore **RECOMMENDS** that the Court decline to give Plaintiff leave to amend his Complaint and **DISMISS** this action against Defendant without prejudice and without issuance and service of process.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

July 11, 2025
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).